STOVALL *v.* LAMPTON CO.

(Division A. Nov. 18, 1935.)

[164 So. 39. No. 31928.]

T. B. Davis, of Columbia, for appellant.

**R. D. Ford,** of Columbia, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Marion county for a balance alleged to be due to the Lampton Company on an open account.

For many years prior to 1931, the appellee company had been furnishing supplies to the appellant. To secure

the account for supplies to be furnished to himself and tenants during the year 1931, the appellant executed a deed of trust on the crops to be grown by him that year, and on two mules and one horse. At the end of that year, after the crop had been sold and the proceeds applied to the payment of the account of the appellant and his tenants, there was due a balance of six hundred sixty-seven dollars and nineteen cents. The appellee did not furnish the appellant during the year 1932, and until November, 1932, no active steps were taken to enforce collection of this balance. In November, 1932, the appellee took possession of the livestock covered by the deed of trust, advertised and sold it under the terms of the deed of trust, and afterwards filed this suit to recover the balance alleged to be due after applying the proceeds of the sale.

The declaration, which originally sought to collect the balance due by the appellant, and his tenants for whom he was guarantor, was amended so as to eliminate any claim for the amount due by the tenants, and the cause proceeded to judgment for the balance alleged to be due by the appellant individually.

The defense interposed by the appellant was accord and satisfaction, and upon the evidence offered, the court peremptorily instructed the jury to return a verdict for the appellee for the amount sued for. On appeal, the only question presented is whether or not the proof tending to show that there was accord and satisfaction, by the surrender of the mortgaged property in full settlement of the entire balance due by the appellant individually and as guarantor, presented an issue of fact that should have been presented to the jury.

The appellant testified that after negotiations with the secretary and managing officer of the appellee company, it was agreed between them that the livestock covered by the deed of trust would be surrendered to the appellee in full settlement and satisfaction of all indebtedness owing by the appellant to the appellee; that in pur-

suance and consummation of this agreement, he kept the livestock up that night, and on the following morning delivered them to an employee of the appellee. The employee of the appellee to whom these animals were delivered was also the trustee in the deed of trust, and the appellant admitted that when this employee and trustee took possession of the livestock, he did not notify such employee that it was being surrendered in pursuance of the previous agreement that it would be accepted in full settlement of his indebtedness. The secretary and managing officer of the appellee with whom the agreement was alleged to have been made denied the agreement in its entirety.

In support of the action of the court in granting the peremptory instruction requested by it, the appellee makes two contentions: First, that the claimed contract was nothing more than an unexecuted accord which was revocable at the pleasure of either party; and, second, that no accord and satisfaction was shown, because the livestock was not delivered on condition that the same be accepted in full satisfaction of the debt.

In considering the propriety of the peremptory instruction in its favor, the appellee concedes, as it must, that the appellant's testimony was sufficient to establish an agreement to accept the livestock in full settlement of the debt; but it is argued that the fact that the appellee took possession of the stock through its trustee, and proceeded to foreclose the deed of trust, is conclusive evidence of a revocation of the accord.

It is undoubtedly true that until satisfaction an accord is revocable at the pleasure of either party, and that until satisfaction the original obligation remains in force and the creditor may enforce it. 1 C. J. 533.

In the case at bar, the appellant's evidence, if true, established the agreement, and we do not think the evidence tending to show a revocation is conclusive. Conceding, as we must for the purpose of this opinion, that the agreement to accept the livestock in full settlement

of the appellant's indebtedness was actually made, when the employee of appellee appeared at appellant's home the following morning to take possession of the stock, he had a right to assume that this employee was acting in pursuance of the agreement had with the appellee's officer the day before. The fact that this employee happened to be also the trustee in the deed of trust was not necessarily notice to the appellee of a revocation or the intention to revoke, and, in order to consummate an accord, it was not necessary for the appellant to notify this employee that the livestock was being surrendered only on condition that it be accepted in full satisfaction of the debt. Upon the evidence, the legal requirement that it is necessary that the money or property be offered in full satisfaction of the demand, and be accompanied by such acts and declaration as amount to a condition that the money or property, if accepted, must be accepted in satisfaction, was met by the action of the parties at the time the agreement was made.

We think the issue of fact presented by the evidence should have been submitted to the jury under proper instructions.

Reversed and remanded.